UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

BRIAN CRUZ,

                            Plaintiff,

                  -against-

CON EDISON OF NEW YORK, et al.,

                         Defendants.

23 Civ. 9139 (LGS)

ORDER OF SERVICE

LORNA G. SCHOFIELD, United States District Judge:

      Plaintiff brings this pro se action under Title VII of the Civil Rights Act of 1964, the American with Disabilities of 1990, 42 U.S.C. § 1981, and the New York State and City Human Rights Laws, alleging that Defendants discriminated against him based on his race and disability. By order dated October 19, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").

## DISCUSSION

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within ninety days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued.  The Court therefore extends the time to serve until ninety days after the date summonses are issued.

To allow Plaintiff to effect service on Defendants Con Edison of New York, Edward Naylor, Jr. and Peter Correia through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within ninety days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue summonses, complete the USM-285 form with the addresses for Con Edison of New York, Edward Naylor, Jr. and Peter Correia, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package and a copy of this Order to Plaintiff.

Dated:   October 25, 2023
         New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

## DEFENDANTS AND SERVICE ADDRESSES

1. Con Edison of New York
   4 Irving Place
   New York, New York 10003

2. Edward Naylor, Jr.
   c/o Con Edison of New York
   4 Irving Place
   New York, New York 10003

3. Peter Correia
   c/o Con Edison of New York
   4 Irving Place
   New York, New York 10003